UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BATILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08CV724-DJS |
| ) | |
| DON ROPER, et al., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is defendants Don Roper, Patricia Cornell, Larry Hines, Steve Long, Jason Crawford, Amber Rayfield, Melody Haney, and Richard Menteer's motion to dismiss pro se plaintiff Antonio Batille's complaint [Doc. #17].[1] Defendants filed a memorandum in support of their motion, and plaintiff has filed a memorandum in opposition. Defendants have not filed a reply memorandum, and the time to do so has expired. Accordingly, the motion is ready for disposition.

### Standard of Review

As an initial matter, the Court notes that plaintiff is a pro se litigant, and as such his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). In considering a motion to

---

[1]The Court notes that defendants' motion does not seek dismissal of plaintiff's claims against defendants Dr. Crawford or Rowland.

dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. Id. While the Court should accept as true the factual allegations set forth in plaintiff's complaint, it "need not accept as true [] legal conclusions even if they are cast in the form of factual allegations." Ashley v. U.S. Dept. of Interior, 408 F.3d 997, 1000 (8th Cir. 2005) (quotation omitted). Generally, the Court must ignore materials that are outside of the pleadings; however, the Court may consider some materials that are part of the public record or those that are necessarily embraced by the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 299 (1990) (opining that a trial court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint").

**Facts**

The following facts are those pled in or attached to plaintiff's complaint, and are accepted as true for purposes of the instant motion. Plaintiff is an inmate at Potosi Correctional Center ("PCC"). According to the complaint, at the time of the facts alleged, defendant Roper was employed as the Superintendent of PCC; defendants Rowland, Rayfield, J. Crawford, and Manteer were officers employed at PCC; defendant Haney was employed by PCC as the functional unit manager of housing unit 6; defendant Dr. Crawford was contracted through Corrections Medical Services and served PCC as a medical doctor; defendant Hines was the case worker responsible for answering plaintiff's Informal Resolution Request ("I.R.R."); and defendant Cornell was the deputy division director responsible for answering grievance appeals. No facts about defendant Long are alleged, other than the caption of plaintiff's complaint which lists him as an "assistant director."

In 2004, Dr. Keefer, a doctor at St. Louis University Hospital, performed surgery on plaintiff's left knee. After the surgery, Dr. Keefer prescribed a knee brace, and told plaintiff that it was "absolutely and necessary" that plaintiff wear the brace at all times until plaintiff received another surgery, and scheduled a follow-up examination. However, defendant Dr. Crawford refused plaintiff the opportunity to follow-up with Dr. Keefer, cancelled plaintiff's appointment, and issued a medical order for

the administration and security staff to allow plaintiff to move freely throughout the institution with his knee brace.

Plaintiff alleges that on January 5, 2007, he was walking through a metal detector to enter the recreational area when defendant Rowland ordered plaintiff to remove his knee brace. Plaintiff explained to defendant Rowland that he needed the brace to walk, but was told by defendant Rowland that she was under direct order from defendant J. Crawford to have plaintiff remove it when he passed through the metal detector. Plaintiff removed his brace and, as he was walking through the metal detector, he fell and re-injured his knee.

Plaintiff further alleges that at some point, presumably after his knee surgery, he was assigned to a top walk and a top bunk. He explained to defendant Haney, the unit manager of the housing unit, that because of his knee it was painful for him to climb up and down stairs, and asked her to reassign him to a bottom walk and a bottom bunk. Defendant Haney did not reassign plaintiff.

Plaintiff further alleges that in July of 2007, plaintiff was ordered by defendant Manteer to remove his knee brace and squat down so that plaintiff could be searched. Plaintiff again explained his condition, but defendant Manteer insisted that plaintiff remove his brace and squat down. Plaintiff complied with defendant Manteer's order, which resulted in plaintiff's knee "popping," and caused significant pain to plaintiff.

4

Plaintiff further alleges that his family called the prison to discuss plaintiff's knee brace. Only July 2, 2007, defendant Haney called plaintiff into her office to discuss the phone call, and told plaintiff that "we can always confiscate your knee brace at anytime we feel to do so." After speaking with defendant Haney, plaintiff was ordered to see defendant Rayfield, who confiscated plaintiff's brace. Defendant Rayfield told plaintiff she needed to do so "for security reasons." The next day, when plaintiff was descending a set of stairs without the aid of his brace, he fell, which caused pain and injury to plaintiff's knee, wrist, shoulder, and back. Plaintiff alleges that his brace was returned to him, but that he now needs crutches to move around.

Plaintiff alleges that defendant Hines was the individual responsible for answering plaintiff's I.R.R., and that defendant Hines refused to take corrective actions in granting plaintiff his requested relief. Further, plaintiff alleges that defendant Cornell was the individual responsible for answering grievance appeals, and opines that her actions violated his rights guaranteed by the Eighth and Fourteenth Amendments. However, plaintiff does not allege facts to support the conclusion that she violated plaintiff's rights.

Finally, plaintiff alleges that he was placed in administrative segregation on March 28, 2008, whereupon his brace, crutches, and wheelchair were confiscated. On March 29, 2008,

plaintiff again fell.  Soon after, plaintiff received a second knee surgery.

## Discussion

Plaintiff has pled his claim under 42 U.S.C. §1983, and the Court's jurisdiction over the subject matter is based on the existence of such a cause of action.  In order to state a claim under 42 U.S.C. §1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States...." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs.  To state a claim for deliberate indifference, a plaintiff must "show that the official actually knew that the inmate faced a <u>substantial risk of serious harm</u> and failed to respond reasonably to abate that risk." <u>Drake ex rel. Cotton v. Koss</u>, 445 F.3d 1038, 1042 (8th Cir. 2006) (emphasis added).  An inmate must prove he had <u>objectively</u> serious medical needs of which the official <u>actually knew</u> but deliberately disregarded.  See <u>Meloy v. Bachmeier</u>, 302 F.3d 845, 848–49 (8th Cir. 2002).  "Deliberate indifference may be manifested by prison doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." <u>Id. at 849</u> (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104–05 (1976)).  A serious medical need is "one that has been diagnosed by a physician

as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

There is no respondeat superior liability under 42 U.S.C. §1983, and therefore any claim for medical indifference "must be brought against the individual directly responsible for [plaintiff's] medical care."  Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994) (quotation omitted) (finding that warden who had no involvement with medical treatment and to whom prisoner never complained is not liable for deliberate indifference).  "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."  Camberos, 73 F.3d at 176 (citation omitted) (determining that prison personnel who lacked medical expertise could not be held liable for medical personnel's diagnostic decision not to refer prisoner for treatment).

Finally, with regard to allegations that involve a prison's grievance procedure, the Court notes that "[a prison] grievance procedure is a procedural right only, [and] it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)).  Accordingly, failure to respond to a grievance is not actionable under 42 U.S.C. §1983.  Id.; see

also Brooks v. Sanders, 2008 WL 5427631, at *4 n.14 (E.D. Ark. December 29, 2008).

Plaintiff does not allege any facts with regard to defendant Long, and accordingly fails to state a claim against that defendant. Further, with regard to defendant Cornell, plaintiff alleges that she was the individual responsible for answering grievance appeals, and concludes that her actions violated his rights guaranteed by the Eighth and Fourteenth Amendments. However, as plaintiff does not allege any facts to support that conclusion, he fails to state a claim against her.[2] Accordingly, defendants' motion will be granted with regard to defendants Long and Cornell.

Plaintiff states that defendant Roper is liable because he had custody over plaintiff and because he was informed or should have been informed that plaintiff had a serious medical need. Further, plaintiff states that defendant Roper should have taken corrective action to remedy the wrongful acts of his subordinates. Plaintiff does not allege that defendant Roper was involved in plaintiff's medical treatment, and further does not allege that he complained directly to defendant Roper. Because respondeat superior is not a source of liability under 42 U.S.C. §1983, as a matter of law plaintiff has failed to state a claim against

---

[2]The Court notes that plaintiff's claims against defendant Cornell also fail because, as noted above, failure to respond to an inmate's grievance is not actionable under 42 U.S.C. §1983.

defendant Roper. Accordingly, defendants' motion will be granted with regard to defendant Roper.

Similarly, plaintiff fails to state a claim against defendant J. Crawford. Although plaintiff alleges that he told defendant Rowland that his knee could not support his weight without the brace, there is no allegation that defendant J. Crawford was aware of this fact and disregarded it when he issued his order to Rowland. As respondeat superior is not a source of liability under 42 U.S.C. §1983, defendants' motion will be granted with regard to defendant J. Crawford.

With regard to defendant Hines, plaintiff alleges that he violated plaintiff's constitutional rights when, after receiving plaintiff's I.R.R., he refused to take corrective action and grant plaintiff the requested relief. However, as stated above, plaintiff's access to a grievance process is a procedural right only, and defendant's failure to respond to an inmate's grievance is not actionable under 42 U.S.C. §1983. Accordingly, plaintiff has failed to state a claim against defendant Hines, and defendants' motion will be granted with regard to defendant Hines.

Defendants Menteer, Rayfield, and Haney all claim they are entitled to qualified immunity with regard to plaintiff's claims that they either temporarily or permanently confiscated plaintiff's brace. They argue that the physician's order for a knee brace expired five months prior to any of these defendants' alleged actions, and therefore they did not violate a clearly

established statutory or constitutional right.  However, liberally construing the complaint, the Court finds that plaintiff has sufficiently alleged facts regarding the objective seriousness of his medical condition of which these defendants actually knew but deliberately disregarded.  In other words, plaintiff has sufficiently alleged that these defendants intentionally interfered with plaintiff's prescribed medical treatment.  Accordingly, defendants' motion will be denied with regard to defendants Rayfield, Menteer, and Haney.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #17] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is granted with regard to defendants Roper, Cornell, Hines, Long, and J. Crawford.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is denied in all other respects.

Dated this   13th    day of January, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE